**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ROBERT DICKSON,

      Plaintiff,

v.                                        CASE NO:  8:15-cv-238-T-30AEP

CONVERGENT HEALTHCARE
RECOVERIES, INC.,

      Defendant.
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion to Strike Defendant's

First, Fourth, and Ninth Affirmative Defenses (Dkt. #8).  Upon review of Plaintiff's motion,

and being otherwise advised in the premises, the Court concludes that it should be granted.

Plaintiff Robert Dickson filed the instant action against Defendant Convergent

Healthcare Recoveries, Inc., alleging one claim under the Fair Debt Collection Practices Act

("FDCPA").  Dickson requests, among other things, statutory damages in the amount of

$1,000.00 based on Convergent's purported violation of the FDCPA.

Convergent filed an answer and affirmative defenses.  Dickson now moves to strike

Convergent's First, Fourth, and Ninth Affirmative Defenses based on their legal

insufficiency.  The Court agrees that these defenses are deficient; accordingly, the Court need

not wait for a response from Convergent because any opposition would be futile.

As with any pleading, an affirmative defense must provide "fair notice" of the nature

of the defense and the grounds upon which it rests, *Bell Atl. Corp. v. Twombly,* 550 U.S. 544,

555 (2007), and state a plausible defense, *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009).  Thus, "[w]hile an answer need not include a detailed statement of the applicable defenses, a defendant must do more than make conclusory allegations.  If the affirmative defense comprises no more than bare bones conclusory allegations, it must be stricken." *Microsoft Corp. v. Jesse's Computers & Repair, Inc.,* 211 F.R.D. 681, 684 (M.D. Fla. 2002) (internal quotations omitted).

Convergent's First Affirmative Defense states a purported "bona fide error" defense.  The FDCPA provides that a debt collector is shielded from liability if it shows that "the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error."  15 U.S.C. § 1692k(c).  The First Affirmative Defense simply restates the statutory language without providing any additional detail.  This is precisely the type of conclusory allegation that must be stricken.  Accordingly, the First Affirmative Defense is stricken.  Convergent may amend this defense if it can allege sufficient facts in support of same.

Convergent's Fourth Affirmative Defense states a failure to mitigate damages.  There are no facts averred in support of the defense.  Moreover, such a defense seems inappropriate under the circumstances because Dickson seeks only statutory damages.  Accordingly, the Fourth Affirmative Defense is stricken.  Convergent may amend this defense if it can allege sufficient facts in support of same.  Notably, any amendment should also include a statement describing how a failure to mitigate damages is applicable to Dickson's statutory damages.

Convergent's Ninth Affirmative Defense states that Dickson's claim under the FDCPA is preempted by the Fair Credit Reporting Act ("FCRA"). This defense is a false statement of the law under the circumstances. As Dickson points out, the FDCPA and FCRA are both federal statutes; one does not preempt the other. Accordingly, the Ninth Affirmative Defense is stricken.[1]

It is therefore ORDERED AND ADJUDGED that:

1.      Plaintiff's Motion to Strike Defendant's First, Fourth, and Ninth Affirmative Defenses (Dkt. #8) is granted as stated herein.

2.      Defendant's First, Fourth, and Ninth Affirmative Defenses are hereby stricken. Defendant may file an amended answer and affirmative defenses solely to allege more facts in support of its First and Fourth Affirmative Defense. Any amendment shall be filed within fourteen (14) days of this Order.

**DONE** and **ORDERED** in Tampa, Florida on March 10, 2015.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies Furnished To:
Counsel/Parties of Record

*S:\Even\2015\15-cv-238.mtstrike-grant-8.wpd*

---

[1] It appears that this defense was mistakenly included because the case cited in support of the defense, *Bauer v. Target Corporation*, No. 8:12-cv-978-T-AEP, 2012 WL 4054296, at *1 (M.D. Fla. Sep. 14, 2012), involved the FCRA and a claim under the Florida Consumer Collection Practices Act. Dickson's complaint in this case is brought solely under federal law.